IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA CHRISTINA ALFARO,

    Plaintiff,                      No. CIV S-06-1687 LKK EFB PS

    vs.

SUSAN MIRANDA,

    Defendant.                    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        On August 9, 2006, Magistrate Judge Gregory H. Hollows issued an order in the above-captioned case, denying plaintiff's request to proceed *in forma pauperis* and dismissing the case with leave to amend.[1]  By that same order, plaintiff was ordered to file within thirty days from the date of service of the order both a completed application to proceed *in forma pauperis* and an amended complaint establishing this court's subject matter jurisdiction.  The order, which was served on plaintiff on August 10, 2006, cautioned plaintiff that failure to file either a complete *in forma pauperis* application or an amended complaint would result in a recommendation that this action be dismissed.  Plaintiff has not complied with that order and for the reasons set forth below, the undersigned recommends that this action now be dismissed

---

[1] This case was subsequently re-assigned to the undersigned.

1

without leave to amend.

Plaintiff's first application to proceed *in forma pauperis* was denied because she failed to fully answer several questions regarding her income and assets. Specifically, she did not fully answer question no. 2b (regarding the "amount of your take-home salary or wages and pay period and the name and address of your last employer"); question no. 3 (regarding the amount, source and frequency of the "disability or workers compensation" and "gifts and inheritances" she receives); and question no. 4 (regarding the cash with which she planned to open a checking account). To date, plaintiff has failed to file a complete *in forma pauperis* application. Without a completed application, plaintiff's request to proceed cannot be granted

On September 7, 2006, plaintiff filed an "amended complaint." The amended complaint, like the original complaint, fails to set forth the basis for this court's subject matter jurisdiction over plaintiff's claims. Moreover, the allegations of the complaint do not enable the court to discern any jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The amended complaint makes no reference to federal law and does not appear to be based on diversity jurisdiction. In the amended complaint, plaintiff alleges that defendant

harasses her, steals from her and has forged her signature on her social security checks. Neither these allegations, nor any other allegation in the amended complaint, establish a basis for this court's subject matter jurisdiction.[2]

Plaintiff has not complied with the court order dated August 9, 2006, which required her to submit a complete *in forma pauperis* application and to amend the complaint to establish this court's subject matter jurisdiction. That order warned plaintiff that such failure would result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 14, 2006.

*[signature: Edmund F. Brennan]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] On August 29, 2006, plaintiff also filed a letter with the court that includes additional allegations concerning harassment and theft by the defendant. This letter does nothing to explain what claims plaintiff asserts in this action and how this court has subject matter over them.